IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TYREL ORSON GLAZIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN D. FOOTE et al.,<br><br>　　　　Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-306 CW<br><br>District Judge Clark Waddoups |

　　　　Plaintiff, Tyrel Orson Glazier, a prisoner at Central Utah Correctional Facility, filed this *pro se* civil rights suit.[1] Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

　　　　Complaint:

(a)　　does not address Judge Harmond's potential immunity from suit, as further explained below.

(b)　　does not address the prosecutors' potential immunity from suit, as further explained below.

(c)　　provides no affirmative link between violation of Plaintiff's civil rights and the actions of Defendants.

(d)　　has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

---

[1]*See* 42 U.S.C.S. § 1983 (2012).

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court cannot "supply additional

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5] *Id.* at 1110.

facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

    Plaintiff should consider these points when refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7] Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9] Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

---

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

Moreover, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Regarding the claims at issue here, Judge Harmond may have been acting in his judicial capacity in presiding over this case, so his actions would be entitled to absolute immunity.  *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

Finally, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).  Charles's and Foote's acts, as alleged by Plaintiff, appear to relate to their advocacy before the court.  These prosecutors therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

### ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 25th day of May, 2012.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court